**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| TOBY HALL | : | Case No. 1:23-cv-524 |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| SCIOTO COUNTY JAIL, et al., | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***
**AND REPORT AND RECOMMENDATION ON INITIAL REVIEW**

Plaintiff Toby Hall, a prisoner at the Warren Correctional Institution ("WCI") proceeding without counsel, filed an action alleging violations of his civil rights. (ECF No. 1-1). The matter is currently before the undersigned Magistrate Judge on Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1), and to conduct the initial screen required by law. 28 U.S.C. § 1915A(a).

For the reasons stated below, the Court **ORDERS** that the motion to proceed in forma pauperis be **GRANTED**. The Court **RECOMMENDS** that the following claims be **DISMISSED with prejudice**: (1) all claims against the Scioto County Jail, and (2) all claims against defendant John Aeh in his official capacity. The Court further **RECOMMENDS** that all claims against defendant Aeh in his individual capacity be **DISMISSED without prejudice.**

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff filed a motion to proceed *in forma pauperis* and without the prepayment of fees and attached the required affidavit and institutional trust account statements. ("IFP Motion," ECF No. 1). The Court has reviewed and **GRANTS** Plaintiff's IFP Motion. It is **ORDERED** that

Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the required costs had been prepaid.

Plaintiff is still required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914. Because he is permitted to proceed *in forma pauperis*, Plaintiff is not required to pay the Court's $52 administrative fee. *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule (accessed Oct. 25, 2022).

Plaintiff has established that he does not have sufficient funds to pay the entire filing fee at this time. Therefore, in accordance with Section 804(a)(3) of the Prison Litigation Reform Act of 1995, Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee. 28 U.S.C. § 1915(b)(2).

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

(a) the average monthly deposits to the inmate trust account; or

(b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1).

The custodian is **ORDERED** to complete and to submit to the Clerk of Court in Cincinnati, Ohio the attached form showing his calculation of the initial partial filing fee. The custodian is

2

further **ORDERED** to forward from Plaintiff's prison account to the Clerk of Court located in Cincinnati, Ohio the initial partial filing fee, as funds become available in Plaintiff's account until the initial filing fee is paid.  Even if the account is under ten dollars ($10.00), the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid.  28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

> Prisoner Accounts Receivable
> 103 Potter Stewart United States Courthouse
> 100 East 5th Street
> Cincinnati, Ohio  45202

*The prisoner's name and this case number must be included on each remittance.*

The Clerk of Court is **DIRECTED** to mail copies of this Order to Plaintiff and to the prison cashier's office.

## II.  INITIAL REVIEW

### A.  Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also incarcerated, the Court is required to conduct an initial screen of his Complaint.  28 U.S.C. § 1915A(a).   The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or 'wholly incredible.'"  citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible."  *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton*, 504 U.S. at 33).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A complaint that consists of mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and

to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing

Fed. R. Civ. P. 8(f)).  Even with such a liberal construction, however, a pro se complaint must still

adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting

all the material elements' to recover under some viable legal theory.'"  *Barhite v. Caruso*, 377 F.

App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### B. Background

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, naming the Scioto County Jail and John

Aeh as defendants.  ECF No. 1-1 at PageID 14.  The totality of Plaintiff's single claim as set forth

in his Complaint is as follows:

> The County jail allowed me to come in contact with John Aeh while he was already
> under investigation for messing around with the females which lead me into being
> entrapped by the County jail cause they already knew he was a dirty office and
> allowed him to be around the inmates which lead him into bring me tobacco and
> drugs. Which got me more[ ] charges.

*Id.* at PageID 18 (spelling and grammar corrected).  Plaintiff requests the following relief:

compensation for the additional time he has been charged with and payment of Court costs and

fines if he has to go to trial.  *Id.* at PageID 19.

### C. Recommendation on Initial Review of Plaintiff's Complaint

Plaintiff names two defendants in his Complaint: the Scioto County Jail and officer John

Aeh.  ECF No. 1-1 at PageID 14.  For the reasons set forth below this Court **RECOMMENDS**

that all claims against defendants Scioto County Jail and John Aeh in his official capacity be

5

**DISMISSED with prejudice** and that all claims against John Aeh in his individual capacity be **DISMISSED without prejudice**.

### 1. *Defendant Scioto County Jail*

Plaintiff names the Scioto County Jail as a defendant, however, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"). Likewise, as the Scioto County Jail staff does not have a corporate or political existence, it is not a "person" subject to liability under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence") (citation omitted); *Payne v. Hamilton Cty. Jail Sheriff's Staff*, 2016 WL 6585579, at *2 (E.D. Tenn. Nov. 7, 2016) (finding that jail staff and medical staff "are legal not entities that are subject to being sued under 42 U.S.C. § 1983). And Plaintiff has not alleged that Scioto County caused any violation of his constitutional rights such that the Court could liberally construe the complaint to state a claim upon which relief may be granted under § 1983 against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

As such, the Court **RECOMMENDS** that all claims against the Scioto County Jail be **DISMISSED with prejudice**.

### 2. *Defendant John Aeh*

Plaintiff sues officer Aeh, bringing what the Court construes as a single claim of entrapment. ECF No. 1-1 at PageID 18. While Plaintiff's Complaint is short on details, it appears Plaintiff alleges that Officer Aeh brought Plaintiff tobacco and drugs while he was incarcerated in the Scioto County Jail, resulting in Plaintiff being charged with new charges. *Id.* Plaintiff provides no additional detail on the nature of his charges or further factual support for his claim. *See*

*generally* ECF No. 1-1. Plaintiff's claim against Officer Aeh in his individual capacity is subject

to dismissal for multiple reasons.

As an initial matter, Plaintiff does not state whether he seeks to sue Aeh in his individual

capacity, official capacity, or both. *See* ECF No. 1-1 at PAGEID 14 (simply naming "John Aeh"

as a defendant). For purposes of this initial review, the Court will consider Plaintiff's claims

against Aeh under both an official and individual capacity.

"While '[p]ersonal-capacity suits seek to impose personal liability upon a government

official for actions he takes under color of state law,' individuals sued in their official capacities

stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)

(quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). It follows that, "[a] suit against an

individual in his official capacity is the equivalent of a suit against the governmental entity" and

is therefore no different from a suit against the state itself. *Matthews v. Jones*, 35 F.3d 1046, 1049

(6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). As both

defendants are employed at NCI, they are employed by the state of Ohio.[1] Therefore, any claims

against defendants in their official capacity would be construed as claims against the State of Ohio.

Where "state officials are being sued for money damages in their official capacity, the

Eleventh Amendment is squarely in play as a bar to suit in federal court, at least to the extent that

[p]laintiffs are bringing claims under 42 U.S.C. § 1983." *Lee Testing & Eng'g, Inc. v. Ohio Dep't

of Transp.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012).

> It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment
> immunity. *See generally Quern v. Jordan,* 440 U.S. 332 (1979). And the State of
> Ohio has not waived its immunity from suits for money damages, except to the
> extent that such claims are allowed to be brought in the Court of Claims of Ohio.

---

[1] NCI is part of the Ohio Department of Rehabilitation and Correction's network of facilities. *See* Ohio Department of Rehabilitation and Correction, *Facilities*, available at: https://drc.ohio.gov/about/facilities/noble-correctional/noble-correctional (last accessed Apr. 27, 2023).

*See* R.C. 2743.03. Ohio has not waived its Eleventh Amendment immunity from suits for money damages in federal court. *See Turker v. Ohio Dept. of Rehab. and Corrections,* 157 F.3d 453, 457 (6th Cir.1998).

*Id.* at 725–26.

Accordingly, as Plaintiff seeks only monetary damages (compensation for "time" and court fees and costs), to the extent Plaintiff intended to sue Aeh in his official capacity, this Court **RECOMMENDS** all claims against Aeh *in his official capacity* be **DISMISSED with prejudice** for want of federal jurisdiction.

Even considering defendant Aeh in his individual capacity, Plaintiff's sole allegation of "entrapment" also cannot proceed. This is so as "entrapment" is not a civil cause of action, but rather a criminal defense that cannot be asserted here. *See Schieb v. Humane Soc. of Huron Valley*, 582 F. Supp. 717, 725 (E.D. Mich. 1984) (stating "there is no federal constitutional right to be free from entrapment[ ]" and "a claim of entrapment does not state a cause of action under 42 U.S.C. § 1983.").

Because entrapment is the only claim alleged against Aeh, the Court **RECOMMENDS** that all claims against defendant Aeh in his *individual capacity* be **DISMISSED without prejudice**.

## III.  CONCLUSION

Based on the foregoing, **IT IS THEREFORE ORDERED THAT:** Plaintiff is granted leave to proceed *in forma pauperis*, ECF No. 1.

Based on the foregoing, **IT IS THEREFORE RECOMMENDED THAT:**

1.      All claims against defendant Scioto County Jail and all claims against defendant John Aeh *in his official capacity* be **DISMISSED with prejudice**; and

2. All claims against defendant John Aeh *in his individual capacity* be **DISMISSED without prejudice.**

The Court further **RECOMMENDS** that the District Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED AND RECOMMENDED.**

Date: September 6, 2023                    /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE

## CALCULATION OF INITIAL PARTIAL FILING FEE

Prisoner's name: _____

Case number: _____

Average Monthly Balance $_____
  (for six-month period preceding filing of complaint or notice of appeal)

Average Monthly Deposits $_____
  (for six-month period preceding filing of complaint or notice of appeal)

Initial Partial Filing Fee $_____
  (the greater of the average monthly deposits or the average monthly balance x .20)

_____  _____
Date             Signature