IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Toby Hall, | : | |
| | : | Case No. 1:23-cv-524 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Scioto County Jail, *et al.*, | : | Recommendation |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Order on Plaintiff's Motion to Proceed *In Forma Pauperis* and Report and Recommendation on Initial Review ("Order and R&R") issued by Magistrate Judge Kimberly A. Jolson on September 6, 2023.  (Doc. 2.)  The Magistrate Judge ordered that Plaintiff Toby Hall's Motion to Proceed *In Forma Pauperis* (Doc. 1) be granted. (Doc. 2 at PageID 31.)  She also conducted an initial screen of Hall's Complaint (Doc. 3) pursuant to 28 U.S.C. § 1915A and recommended that (1) the claims against Defendant Scioto County Jail and against Defendant Defendant John Aeh in his official capacity be dismissed with prejudice and (2) the claims against Defendant Aeh in his individual capacity be dismissed without prejudice.  (Doc. 2 at PageID 31–32.)

I.    LAW AND ANALYSIS

Title 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure authorize magistrate judges to decide nondispositive matters which have been referred to them. A party's failure to timely object to a written order on a nondispositive matter forfeits any error. Fed. R. Civ. P. 72(a).  Likewise, 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  When no objections are filed, "[t]here is no indication that

1

Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

      Plaintiff Hall did not file objections to the Order and R&R. The Court agrees with the Magistrate Judge's recommendation that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A. First, the claim against Defendant Scioto County Jail should be dismissed with prejudice because the jail is not a political entity subject to suit. Additionally, Plaintiff Hall has not alleged Scioto County itself, as opposed to one of its employees, caused a violation of his civil rights such that it could be held liable under 42 U.S.C. § 1983. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (stating that a government entity is liable under § 1983 only where the government entity itself causes the constitutional violation at issue). Second, the claim against Defendant Aeh in his official capacity should be dismissed with prejudice. The official capacity claim is the equivalent of a claim against Scioto County, and it fails for the same reason the claim against Scioto County fails. *See Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir.1999).

Third, the claim against Defendant Aeh in his individual capacity should be dismissed without prejudice because there is no constitutional civil claim for entrapment for which Aeh can be liable pursuant to 42 U.S.C. § 1983.  *See Giovanetti v. Tomasi*, No. 93-3555, 1994 WL 198188, at *3 (6th Cir. May 19, 1994).

## II.     CONCLUSION

Accordingly, the Order and R&R (Doc. 2) is **ADOPTED** insofar as the Court orders that the Complaint (Doc. 3) is **DISMISSED** as follows: (1) the claims against Defendant Scioto County Jail and against Defendant Aeh in his official capacity are dismissed with prejudice and (2) the claim against Defendant Aeh in his individual capacity is dismissed without prejudice. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge